

*Issues & Appeals*

November 10, 2022

*Via Electronic Filing*

Molly C. Dwyer, Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119

Re:  *Clarkson v. Alaska Airlines, et al.*, No. 21-35473 (argued on Oct. 21 before Judges Bade, Paez, and Gilliam) — Notice of supplemental authority under Rule 28(j)

Dear Ms. Dwyer:

The district court's decision in *Scanlan* does not support affirmance here. To the contrary, it correctly recognizes that comparability assesses the duration of "only [the] military leave[s]" at issue and that courts have "uniformly" rejected the airlines' "right or benefit" argument. Op. 6-7. Further, although its comparability analysis as to jury-duty and bereavement leave is flawed for similar reasons as the decision below, *Scanlan* makes clear that a jury could find that vacations and sick leave are comparable to military leave based on the record in this case—where the total "amount of time pilots spend on" vacation or sick leave dwarfs military leave. Op. 7.

So the airlines try to smuggle in a new argument that has nothing to do with *Scanlan*, asserting that vacations and sick leave are "categorically different" because they're "earned." This argument has been waived twice over: It wasn't pressed or passed upon below. And the airlines' appellate brief does not discuss vacations *at all*, while devoting just one sentence to the argument for sick leave. Br. 39.

Waiver aside, the airlines are wrong. Their argument appears to be that "earned" leaves have a "compensatory purpose," whereas military leave does not. *Id.* But compensation for a certain number of days is the *benefit provided* while on vacation or sick leave—not an inherent characteristic of those leaves. An employer who fails to provide an equivalent benefit to employees on military leave cannot somehow defend its unequal treatment by claiming that this was its "purpose." Discrimination cannot serve as its own justification.

Yet that is the airlines' position. Their new argument is indistinguishable from the losing argument in *White* and *Travers*: that the relevant benefit is "paid sick leave" or "paid vacations"—not pay. Were this Court to accept that argument here, it would nullify these cases. It would also allow employers, simply by refusing to provide paid military leave (thereby removing any "compensatory purpose"), to shed themselves of any obligation to provide *any* benefit for military leave that they provide for *any* paid leave—directly contrary to USERRA's purpose and to DOJ's position in *Woodall*.

Respectfully submitted,

*/s/ Jonathan E. Taylor*
*Counsel for Plaintiff-Appellant*

Gupta Wessler PLLC
2001 K Street, NW, Suite 850 North, Washington, DC 20006
P 202 888 1741   F 202 888 7792
guptawessler.com